Argon Electrical Corp., Appellant,
against
Jason Gomez, Defendant. New York Construction Associates, LLC, Nonparty-Respondent.




Amos Weinberg, Esq., for appellant.
New York Construction Associates, LLC, nonparty-respondent pro se (no brief submitted).

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered September 10, 2015. The order denied plaintiff's motion to compel nonparty New York Construction Associates, LLC to answer an information subpoena.




ORDERED that the order is modified by providing that the branches of plaintiff's motion seeking to compel nonparty New York Construction Associates, LLC to answer the information subpoena's questions pertaining to defendant's last known home address, current work place and address, and bank account name and address, and to provide plaintiff with photocopies of both sides of the last two checks paid by nonparty New York Construction Associates, LLC to defendant, are granted; as so modified, the order is affirmed, without costs. 
In this action to recover the cost of goods and services, plaintiff obtained a default judgment against defendant in the principal sum of $1,509.67. Thereafter, plaintiff served an information subpoena by mail on defendant's former employer, nonparty-respondent New York Construction Associates, LLC (Associates), in which it requested that Associates provide plaintiff with defendant's social security number, last known home address, current work place and address, and bank account name and address, as well as photocopies of both sides of the last two checks that Associates had paid to defendant. Associates responded that it no longer employed defendant, and failed to provide any of the requested information, whereupon plaintiff moved to compel Associates to respond to its information subpoena. By order entered September 10, 2015, the Civil Court denied plaintiff's motion on the ground that the information [*2]subpoena sought privileged information.
CPLR 5224 (a) (3) (i) permits service of an information subpoena on a nonparty if a judgment creditor or its attorney has a reasonable belief that the individual or entity receiving the subpoena has in its possession information that will assist the creditor in collecting on its judgment. The nonparty may move to quash the subpoena (see CPLR 5224 [a] [3] [iii]); Associates, however, made no such motion, and plaintiff properly moved to compel compliance with its information subpoena (see CPLR 5224 [a] [3] [iv]; see also CPLR 2308 [b]). 
The Civil Court is vested with the authority to deny or limit a plaintiff's use of an information subpoena (see CPLR 5240). However, the information sought in plaintiff's demands for defendant's last known home address, current work place and address, and bank account name and address, and for photocopies of both sides of the last two checks paid by Associates to defendant, was not privileged and was of a nature that could assist plaintiff in collecting its judgment (see CPLR 5224 [a] [3] [i]). Consequently, we conclude that the Civil Court improvidently exercised its discretion in denying the branches of plaintiff's motion seeking to compel Associates to respond to those requests. Social security numbers, however, constitute private and confidential information, and are not discoverable absent a strong showing that they are indispensable (see Sullivan v 40/40 Club, 34 Misc 3d 138[A], 2011 NY Slip Op 52419[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Since plaintiff made no such showing, the Civil Court properly denied the branch of plaintiff's motion seeking to compel Associates to provide defendant's social security number.
Accordingly, the order is modified by providing that the branches of plaintiff's motion seeking to compel nonparty New York Construction Associates, LLC to answer the information subpoena's questions pertaining to defendant's last known home address, current work place and address, and bank account name and address, and to provide plaintiff with photocopies of both sides of the last two checks paid by nonparty New York Construction Associates, LLC to defendant, are granted.
Weston, J.P., Solomon and Elliot, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: April 21, 2017